IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lloyd Wayne Gamble Jr.,<br><br>      Petitioner,<br>vs.<br><br>Craig Apker,<br><br>      Respondent. | No. CV 07-2228-PHX-ROS (BPV)<br><br>**REPORT AND RECOMMENDATION** |

    While confined in the Federal Correctional Institution in Phoenix, Arizona, Petitioner Lloyd Wayne Gamble, Jr., filed a "Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody" (Doc. No. 1)  After the Petition was served and an answer was filed by Respondents, Petitioner filed a Motion for Leave to Amend the Petition. (Doc. No. 15.) The amended petition requested that time he spent in jail be credited towards his federal sentence. On June 16, 2008, the Court granted Petitioner's motion to amend and called for an answer from Respondents. (Doc. No. 15.) On May 1, 2009, Respondents filed a "Notice Of Change In Petitioner's Custody Status" notifying the Court that on April 2, 2009, Petitioner was released from federal custody pursuant to a Good Conduct Time Release, and asserting that the petition is now moot. (Doc. No. 29.)

    The Magistrate Judge finds that the Petition is moot. Mr. Gamble's petition for habeas corpus merely challenges determinations that delayed his release date, and because he has already been released from custody, no purpose would be served in reaching the merits of his argument. He is not attacking his underlying conviction, and thus this case is distinguishable from decisions rejecting a claim of mootness because

a petitioner faces continuing negative consequences as a result of a defective conviction, *see Evitts v. Lucey*, 469 U.S. 387, 391 n.4 (1985); and he faces no collateral consequences from a decision to dismiss the habeas, *see Lane v. Williams*, 455 U.S. 624, 632 & n.13 (1982). Because Petitioner has challenged only the calculation of his release date, and he has been released, the petition is moot and should be dismissed.

Accordingly, the Magistrate Judge recommends that the Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody be DENIED.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objection within ten days after being served with a copy thereof. Fed. R. Civ. P. 72(b). If objections are filed the parties should use the following case number: **CV 07-2228-PHX-ROX**

If objections are not timely filed, then the parties' right to de novo review by the District Court may be deemed waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

DATED this 19th day of May, 2009.

_____
Bernardo P. Velasco
United States Magistrate Judge